IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

BRIAN THORNTON                                                                                             PLAINTIFF

vs.                                              Civil No. 6:12-cv-06044

UPS, INC.                                                                                                      DEFENDANT

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are UPS's Motion for Summary Judgment and UPS's Motion to Strike Plaintiff's "Responses" to the Declarations of Herb Washington and Jimmy McClure. ECF Nos. 25, 39. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey referred these Motions to this Court for the purpose of making a report and recommendation. In accordance with that referral, the Court enters the following report and recommendation and recommends these Motions be **GRANTED** in their entirety.

**1.      Background:**

This is a same-sex sexual harassment and retaliation case. Plaintiff filed this action on April 3, 2012, and he filed his "Amended Complaint"[1] on September 25, 2012. ECF Nos. 1, 16. In his Amended Complaint, Plaintiff alleges he was subject to "a course of conduct involving sexual harassment and discrimination" adversely impacting his employment with UPS. *Id.* at 1. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964. *Id.* at 3. He has two claims: (A) "violation of his employment rights on the basis of sex" and (B) "retaliation for participation in

---

[1] Plaintiff titled this an "Amended Complaint," but it is actually a supplement to his Complaint. In fact, with his Amended Complaint, he "[r]eadopts all allegations contained in his original complaint." ECF No. 16 at 1. Thus, the original allegations in his Complaint are still valid and will be referenced in this Report and Recommendation.

union related activities." ECF No. 1 at 3.

In his Complaint, Plaintiff states he was employed by UPS from 1987 until 2011.[2] ECF No. 1 ¶ 2. Plaintiff states he was employed as a "preloader, car washer and shifter" during his time with UPS. *Id.* Plaintiff alleges that in late 2004 or early 2005, he began working in the car wash area as a car washer and fueler. ECF No. 30-4. During that time, his full-time supervisor was Herb Washington. *Id.* Plaintiff claims Washington is attracted to men. *Id.* Plaintiff also claims Washington sexually harassed him. *Id.*

Plaintiff alleges Washington's sexual harassment included the following:

• Putting his arm around Plaintiff when he had paperwork to show him;

• Patting him on the chest;

• Commenting on how "sweaty and tan" Plaintiff was; and

• Watching and staring at Plaintiff.

ECF No. 30-4 at 3.

On June 28, 2013, UPS filed the current Motion for Summary Judgment. ECF No. 25. With this Motion, UPS claims summary judgment is appropriate because there are no genuine issues of material fact in dispute as to Plaintiff's two claims. *Id.* As evidence to support this Motion, UPS submitted declarations from both Washington and Jimmy McClure, a UPS human resources manager. ECF Nos. 27-28. In these declarations, Washington and McClure deny Plaintiff's claims. *Id.*

Plaintiff responded to this Motion on July 19, 2013. ECF No. 30-32. This response was

---

[2] UPS, however, states Plaintiff is still currently employed by UPS. ECF No. 26 at 3. Thus, it is unclear whether Plaintiff was actually terminated in 2011. Because this issue is not dispositive in this case, the Court will not address it further.

<a>
</a>

untimely. *See* Local Rule 7.2 (requiring a response to be served and filed within fourteen days of the motion).

With his response, Plaintiff attached four exhibits. ECF No. 30. Exhibit 1 is a witness statement regarding an incident which occurred between Plaintiff and Washington on March 22, 2011. ECF No. 30-1. The statement is difficult to read, and it is unclear who signed this statement. *Id.* Exhibit 2 is a "Vote of No Confidence" petition apparently signed by several employees of UPS. ECF No. 30-2. Exhibit 3 is a "to whom it may concern" letter dated February 25, 2012. ECF No. 30-3. Exhibits 1 to 3 are not signed and subscribed as true under the penalty of perjury. Exhibit 4 is Plaintiff's thirty-eight page "Confidential Witness Affidavit" that outlines his claims and provides a detailed time line of the alleged events in this case. ECF No. 30-4. This statement is signed and subscribed as true under the penalty of perjury. *Id.*

In addition to the evidence Plaintiff attached to his summary judgment response, Plaintiff also provided two "responses" to UPS's affidavits. ECF Nos. 35-36. These responses were filed on July 25, 2013 and are also untimely. *See* Local Rule 7.2. UPS has moved to strike these responses. ECF No. 39. These responses are statements signed by Plaintiff. ECF Nos. 35-36. These statements are not signed and subscribed as true under the penalty of perjury. *Id.* Plaintiff has submitted no additional summary judgment evidence.

**2.    Applicable Law:**

A federal court is authorized to grant summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, reveals there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c)(2). A genuine

issue of material fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of showing that no genuine issue of material fact exists. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). The burden then shifts to the nonmoving party to show through specific evidence that a triable issue of fact remains on an issue where the nonmovant bears the burden of proof at trial. *See id.* at 324. A mere scintilla of evidence in support of the non-movant's position is insufficient. *See Anderson,* 477 U.S. at 252. To survive a motion for summary judgment, "a nonmovant must present more than a scintilla of evidence and must advance specific facts to create a genuine issue of material fact for trial." *Parks v. City of Horseshoe Bend, Ark.,* 480 F.3d 837, 839 (8th Cir. 2007) (citation omitted).

Pursuant to Rule 56(c)(1) of the Federal Rules of Civil Procedure, the nonmoving party should provide summary judgment evidence to support his or her claim that there are triable fact issues. Such supporting documentation includes "particular materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials."

3.　**Discussion:**

In the present action, Plaintiff has two claims: (A) same-sex sexual discrimination; and (B) retaliation for participation in union-related activities. ECF No. 1 at 3. The Court will address both of these claims and will determine whether Plaintiff has produced sufficient evidence to avoid summary judgment on either of these claims.

### A. Same-Sex Sexual Discrimination

Plaintiff claims he was discriminated against by his male supervisor "based on [his] sex." ECF No. 1 at 3. To establish a *prima facie* case of unlawful harassment "based on sex," Plaintiff must provide credible evidence demonstrating the following five elements:

1. He belongs to a protected group;

2. He was subject to unwelcome sexual harassment;

3. The harassment was based on sex;

4. The harassment affected a term, condition, or privilege of employment; and

5. UPS knew or should have known of the harassment and failed to take proper remedial action.

*See McCown v. St. John's Health Sys.,* 349 F.3d 540, 542 (8th Cir. 2003).

In this case, UPS does not dispute Plaintiff's claim that he meets the first element of his *prima facie* case and is a member of a protected group. ECF No. 26 at 6-7. UPS disputes Plaintiff's claim that he meets the requirements of the remaining four elements (2-5). *Id.* at 19. Upon review, the Court agrees with UPS's argument and finds Plaintiff has not presented sufficient evidence demonstrating a triable issue of fact on at least the third element. Because Plaintiff is required to demonstrate a triable fact issue on each of these five elements to survive summary judgment, the Court need only address the third element. *See McCown,* 349 F.3d at 542 (requiring triable fact issues as to each element to avoid summary judgment).

In the context of a same-sex sexual harassment case, the Eighth Circuit Court of Appeals has directly addressed the requirements of the third element. *See McCown,* 349 F.3d at 542. To establish the harassment was "based on sex," Plaintiff must make one of three showings: (1) the conduct was motivated by sexual desire; (2) the conduct was motivated by a "general hostility" to

the presence of the same gender in the workplace; or (3) the harasser (here, Washington) treated males and females differently in a mixed-sex workplace. *Id.* at 543-44.

In the present action, Plaintiff attempts to meet his burden by making the first showing: the conduct was motivated by sexual desire. ECF No. 1. Plaintiff claims Washington demonstrated his sexual desire in the following ways:

•   Putting his arm around Plaintiff when he had paperwork to show him;

•   Patting him on the chest;

•   Commenting on how "sweaty and tan" Plaintiff was; and

•   Watching and staring at Plaintiff.

ECF No. 30-4 at 3.

UPS has produced evidence disputing Plaintiff's claim that Washington's conduct was motivated by sexual desire. ECF No. 27. Specifically, UPS submitted Washington's declaration wherein he states under penalty of perjury that his "only motivation" in supervising Plaintiff was to meet the "operational needs of UPS." *Id.* ¶ 10. In this declaration, he also stated that he has "never harassed, sexually harassed, discriminated against, or retaliated against any UPS employee." *Id.* ¶ 9.

The only summary judgment evidence Plaintiff submitted to establish these facts is his own affidavit, Exhibit 4.[3]  ECF No. 30-4. The other exhibits he submitted with his response do not satisfy the requirements of summary judgment evidence. ECF Nos. 30-1 to 30-3. To qualify as summary judgment evidence, these statements must either be "affidavits or declarations." *See* Fed. R. Civ.

---

[3] In his briefing, Plaintiff also references his deposition testimony. ECF No. 31. Plaintiff did not attach his deposition testimony to his response. *Id.* Nevertheless, part of this testimony is attached as a part of UPS's Motion for Summary Judgment. ECF No. 25. This deposition testimony is simply a summary of Plaintiff's allegations and is generally consistent with the statements made in his affidavit. Thus, there is no need to address this testimony.

P. 56(c)(1). Both affidavits and declarations must be subscribed as true under the penalty of perjury. *See Hill v. Kansas City Metro Task Force,* 182 F. App'x. 620, 622 (8th Cir. 2006). Exhibits 1 to 3 are not subscribed as true under the penalty of perjury. ECF No. 30-1 to 30-3. Thus, they do not qualify as summary judgment evidence.

Because Plaintiff's Exhibits 1 to 3 are not proper summary judgment evidence, the only remaining evidence is Plaintiff's affidavit. This affidavit, which is uncorroborated, does not provide sufficient summary judgment evidence to demonstrate a triable fact issue as to whether Washington's conduct was motivated by sexual desire. *See Davidson,* 422 F.3d at 638 (holding a "plaintiff may not merely point to unsupported self-serving allegations, but must substantiate allegations with sufficient probative evidence that would permit a finding in plaintiff's favor"). *See also El Deeb v. Univ. of Minn.,* 60 F.3d 423, 431 (8th Cir. 1995) (holding nonmovant's affidavits were insufficient as a matter of law "to establish the existence of a genuine issue of material fact on the question of discrimination by the defendants"). Accordingly, because Plaintiff has provided insufficient evidence to demonstrate a triable fact issue on the third element of his *prima facie* case, summary judgment is appropriate.

### B. Retaliation Claim

In his Complaint, Plaintiff alleges he was terminated in retaliation for engaging in protected union activities. ECF No. 1. UPS has moved for summary judgment on this claim. ECF No. 25. Plaintiff did not respond to this issue. ECF No. 31. Instead, in his response to UPS's motion for summary judgment, Plaintiff stated he "will be filing a supplemental response" on this issue. ECF No. 31. Plaintiff, however, never filed such a supplemental response. The time to respond has long since passed. *See* Local Rule 7.2 (requiring a response by July 17, 2013). Accordingly, the Court

will review the evidence that has been submitted and determine whether summary judgment is appropriate on this issue.

To establish a *prima facie* case of retaliation under Title VII, Plaintiff must show the following:

1. He engaged in protected activity;

2. He suffered a materially adverse action that would deter a reasonable employee from making a charge of employment discrimination; and

3. There is a causal connection between the protected activity and the adverse action.

*See Gibson v. Am. Greetings Corp.,* 670 F.3d 844, 856 (8th Cir. 2012).

UPS has produced evidence disputing Plaintiff's claim of retaliation. ECF Nos. 27-28. Specifically, UPS submitted Washington's declaration wherein he stated under the penalty of perjury that he has "never harassed, sexually harassed, discriminated against, or retaliated against any UPS employee." ECF No. 27 ¶ 9. To the extent this issue is relevant, UPS also submitted the declaration of the Arkansas Area Human Resources Manager, Jimmy McClure, who stated under penalty of perjury that he complied with the requirements of the union's collective bargaining agreement. ECF No. 28 ¶¶ 3-8.

Upon review, the Court finds Plaintiff has not demonstrated a triable issue of fact exists as to any of these three elements. First, Plaintiff does not clearly state what "protected activity" he engaged in that resulted in alleged retaliation. "Protected activity" is a defined term. To qualify as a "protected activity," Plaintiff must engage in some type of activity that opposes an employment practice made unlawful by Title VII. *See* 42 U.S.C. § 2000e-3 (1972). In his Complaint, Plaintiff alleges the "protected activity" was involvement with and participation in his union. ECF No. 1.

With these vague allegations, he does not demonstrate how this involvement and participation qualifies as opposing an employment practice made unlawful by Title VII. *Id. See, e.g., Tiedeman v. Neb. Dep't of Corrs.,* 144 F. App'x 565, 566 (8th Cir. 2005) (holding the plaintiff's filing a grievance related to her union contract did not qualify as a "protected activity").

Likewise, for the second and third requirements, Plaintiff has not demonstrated a "materially adverse action" or a "causal connection." Indeed, as stated above, the only summary judgment evidence Plaintiff has provided is his uncorroborated affidavit. Such evidence is not sufficient to create a triable fact issue on retaliation. *See Gibson,* 670 F.3d 844, 857 (8th Cir. 2012) (holding "[a] party's unsupported self-serving allegation that her employer's decision was based on retaliation does not establish a genuine issue of material fact"). Accordingly, the Court also finds summary judgment is appropriate for Plaintiff's retaliation claim.

**4.      Conclusion:**

Based upon the foregoing, this Court recommends UPS's Motion for Summary Judgment (ECF No. 25) be **GRANTED**, and Plaintiff's case be dismissed with prejudice**.**

Further, consistent with this report and recommendation, the Court also finds UPS's Motion to Strike Plaintiff's "Responses" to Declarations of Herb Washington and Jimmy McClure should be **GRANTED** because those responses are not subscribed as true under the penalty of perjury and, accordingly, are not proper summary judgment evidence under Federal Rule of Civil Procedure 56(c).

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are**

**reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.** *See Thompson v. Nix***, 897 F.2d 356, 357 (8th Cir. 1990).**

  **ENTERED this 23rd day of October 2013.**

                /s/   Barry A. Bryant
                HON. BARRY A. BRYANT
                U.S. MAGISTRATE JUDGE